In the Matter of the Application of NATALE VENTO for an Order to Bring up the Bodies of VINCENT VENTO and ROBERT VENTO, Infants, for the Purpose of Awarding the Custody of Said Infants. NATALE VENTO, Appellant; ROSE VENTO, Respondent.— Resettled order denying, on reargument, the petitioner's application for custody of his two infant children, and awarding the custody to the respondent with right of visitation to the petitioner, affirmed, without costs. We base our affirmance on the fact that the children are very young, and the record indicates that the petitioner has no means of caring for them properly at his own home. This determination is without prejudice to the right of the petitioner to institute a new proceeding for the same relief when the children reach an age when the element of personal attention will be less important. If at that time a new proceeding shall be instituted, it will be advisable to take oral proof to determine material questions of fact. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.

JOSEPH KORNBLUEH, Respondent, v. PHILIP ROSENBERG, Appellant.— Action to recover damages for personal injuries suffered by plaintiff, a pedestrian, when he was struck by an automobile owned and operated by defendant. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

FRANK C. LEIBOW, Appellant, v. LOUIS FRIEDMAN and PEARLEWEFF REALTY CORPORATION, Respondents.— In an action to recover damages for breach of a verbal construction contract and for the reasonable value of services rendered with respect to suggested modifications of plans, judgment of the County Court of Nassau county, dismissing complaint pursuant to the granting of a motion at the close at the plaintiff's case, reversed on the law and a new trial ordered, costs to abide the event. In our opinion, plaintiff's showing made out a *prima facie* case from which the jury could find that a verbal construction contract was entered into and that the parties contemplated confirmation thereof by formal execution of a written contract. In the alternative, the jury could have found that the plaintiff was to be reasonably compensated for his services with respect to modification of the plans. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.